LANDRY, Judge.
This expropriation suit is another of the matters consolidated with Central Louisiana Electric Co., Inc. v. Covington & St. Tammany Land & Improvement Co., 131 So.2d 369.
The issues raised by defendant herein, regarding the necessity and propriety of the taking as well as the location, method and manner of constructing the proposed electric transmission line, are identical to those presented in Central Louisiana Electric Co., Inc. v. Covington & St. Tammany Land & Improvement Co. and for reasons therein set forth are resolved adversely to the present defendant.
The property involved in the case at bar consists of an unimproved parcel of land situated three-quarters of a mile from Cov-ington, Louisiana, on Highway 25, the Covington-Franklinton Highway. The tract contains 5.78 acres of ground in the shape of a right triangle the western boundary of which (running due north) measures 917 feet in length. The southern boundary of the tract (running in an easterly-westerly direction) is 549 feet in length and the hypotenuse of the triangle (the frontage along the Covington-Franklinton Highway) measures 1,046 feet. Plaintiff’s servitude will traverse the property at an angle such that the width of the servitude along the highway frontage will be 130 feet. The centerline of the servitude intersects the highway (the hypotenuse of the triangle) at a point 440 feet distant from the north apex of the triangle and extends a distance of 290 feet to the western boundary of the three-sided tract. Within the servitude is situated approximately .8 acres of ground. There will be no tower constructed on the servitude required of the present defendant. The effect of the servitude is to divide defendant’s property into a smaller triangle to the north of the servitude and a quadrilateral tract to the south thereof.
Plaintiff’s appraisers Deano and Baldwin valued the servitude at $960 and $1,200, respectively, whereas defendant’s experts Powell and Patecek considered the property worth $10 per front foot measured along the highway or $1,300. The learned trial court awarded defendant the sum of $1,-275 for the servitude taken and counsel for both litigants have stated in their briefs on appeal that said award represents the approximate value of the land taken and should not be disturbed. In view of said admission the sole issue presented by this appeal is the correctness of the award of $2,650 granted by the trial court as severance damages to defendant’s remaining property. Appellant maintains no award for severance damages is justified herein whereas defendant urges the amount allotted as severance damages be increased to the sum of $4,270.
*395 Beyond any question the record shows the highest and best use of subject property to be roadside commercial having a valuation of $10 per front foot measured along the highway. The testimony further establishes that, because of its location near Covington, the proximity of other commercial establishments, and the construction of the Covington by-pass road which will materially increase the volume of vehicular traffic on Highway 25, subject property is especially adaptable and sititable for construction of a modern service station and motel.
Plaintiff’s witnesses were of the opinion there would be no severance damages to the remainder of the property. Baldwin even suggested the property might be rendered more valuable because he felt that since the property would subsequently be forced to sale as two separate tracts higher prices could conceivably be obtained therefor, a view which this court does not share. Defendant’s experts, Powell and Patecek, were of the opinion that division of the property destroyed its value as a' motel site, thereby greatly diminishing its value, in which opinion we do not concur. Powell and Patecek felt the value of the property north of the right of way, measuring 375 feet front along the highway, would depreciate $7 per foot or in the sum of $2,-650, and the property south of the servitude, to a distance of 235 feet from the right of way would also diminish in value to the extent of $7 per foot or an additional $1,645 resulting in severance damages aggregating $4,270. The trial court evidently considered there would be no severance damages to the portion remaining south of the easement for he awarded $2,650 in severance damages which represents the exact amount claimed by defendant as severance damages to the triangular portion remaining north of the right of way.
We perceive some diminution in value to the small triangular plot remaining north of the right of way. The measurements of 'this triangle will be 375 feet along the highway, approximately 200 feet along its base adjacent to plaintiff’s right of way and approximately 475 feet on its western side. Any buildings or improvements of a major or appreciable nature must, of necessity, be constructed on the south portion of the triangle wherein lies its greatest depth.
The situation confronting present owner is analogous to that which will be encountered by the property owner involved in the consolidated case of Central Louisiana Electric Co., Inc. v. Covington & St. Tammany Land & Improvement Co., 131 So.2d 369. There the owner was left with a triangular shaped parcel with its greatest depth adjacent to plaintiff’s right of way. We believe the reasoning therein peculiarly applicable to the case at bar. In each instance the property is commercial, there are no towers on the servitudes, the wires will have a ground clearance of at least 34 feet and commercial users of the adjacent triangles will have access to the right of way at least for the purpose of parking automobiles thereon. . In each case placement of buildings and improvements will be somewhat restricted and limited due to the triangular shapes of the remaining parcels. As in the case mentioned we believe the triangle involved herein will suffer a diminution in value of approximately one-third its value or $3 per front foot measured along the remaining highway frontage of 375 feet or making total severance damages due defendant herein in the amount of $1,-125.
Defendant’s property remaining south of the servitude will measure approximately 540 feet along its eastern boundary (the highway on which it fronts), approximately 300 feet along its northern boundary (adjacent to plaintiff’s easement), approximately 210 feet along its western or rear boundary and 549 feet along its southern extremity. We believe (as evidently found by the trial court) no severance damages will be occasioned this remaining property by virtue of its shape. For the reasons set forth in Central Louisiana Electric Co., Inc. *396 v. Covington & St. Tammany Land & Improvement Co., 131 So.2d 369, consolidated herewith, we find no merit in the contention severance damages will result because of fear of the facility or radio and television interference caused thereby.
For the reasons hereinabove set forth the judgment of the trial court is hereby amended by reducing the severance damages awarded defendant Dalton J. Bar-ranger from the amount of $2,650 to the sum of $1,125, and except as herein expressly amended, affirmed.
Amended and affirmed.